IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2257-FL

| | | |
|---|---|---|
| BRADLEY JOSEPH STEIGER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GOVERNOR OF NORTH CAROLINA, GOVERNOR OF ALABAMA, ALABAMA DEPARTMENT OF CORRECTIONS, and FEDERAL BUREAU OF PRISONS, | ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court upon respondent Federal Bureau of Prisons' ("BOP") motion to dismiss (DE 9). Also before the court are petitioner's motion for injunctive relief (DE 14) and motion to transfer the case (DE 16).

The court begins with the BOP's motion to dismiss. On November 2, 2015, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, naming the BOP, the Governor of North Carolina, the Governor of Alabama, and the Alabama Department of Corrections as respondents. At the time petitioner filed his petition, petitioner was a federal prisoner incarcerated at the Low Security Correctional Institution in Butner, North Carolina. (Pet. 1). He was released from federal custody on November 6, 2015. See https://www.bop.gov/inmateloc/ (last visited March 22, 2016 ). After his release from federal custody, petitioner was detained at Granville County Detention Center in Oxford, North Carolina as he awaited extradition to the state of Alabama to

serve a state criminal sentence. (DE 5). Petitioner has since been extradited,[1] and he is now in the custody of the state of Alabama. (DE 16, 2-3).

Article III, Section 2 of the United States Constitution provides that federal courts may only adjudicate live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Id. Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "Insofar as Petitioner sought to enjoin his extradition to [Alabama], there is no longer a live controversy because Petitioner was, in fact, extradited." Morris v. United States, No. 5:10-CV-00828, 2013 WL 5230043, at *5 (S.D.W. Va. Sept. 17, 2013) aff'd, 557 F. App'x 217 (4th Cir. 2014) (noting that such a "claim becomes moot when the detainer is executed and the prisoner is extradited."). In sum, because he is no longer in the custody of the BOP or the state of North Carolina, petitioner's claims against the BOP and the Governor of North Carolina are DISMISSED as MOOT. Petitioner's motion to enjoin his extradition to Alabama (DE 14) is likewise DISMISSED as MOOT.

The court now turns to petitioner's motion to transfer the case. In this motion, petitioner requests that this matter be transferred to the Middle District of Alabama. Proper venue for filing a claim under 28 U.S.C. § 2241 is the district where confined. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Here, petitioner is currently incarcerated in Alabama and appears to be challenging the validity of an Alabama state conviction. Title 28 U.S.C. § 1631 gives the court discretion to

---

[1] To the extent petitioner asserts his extradition was improper, such "claims must be pursued within the [Alabama] state courts or through the proper [Alabama] administrative channels." Morris v. United States, No. 5:10-CV-00828, 2013 WL 5230043, at *5 (S.D.W. Va. Sept. 17, 2013) aff'd, 557 F. App'x 217 (4th Cir. 2014).

transfer a civil action if it is in the interest of justice or to dismiss it without prejudice. See United States v. Gripper, 224 F. App'x 219, 220 (4th Cir. 2007) (per curiam). The court finds that the interests of justice require that the action be transferred to the appropriate forum, and therefore, petitioner's motion to transfer the case is GRANTED.

In sum, BOP's motion to dismiss (DE 9) is GRANTED, and petitioner's claims against BOP and the Governor of North Carolina are DISMISSED as MOOT. Petitioner's motion for injunctive relief (DE 14) is also DENIED as MOOT. Petitioner's motion to transfer the case (DE 16) is GRANTED, and it is ORDERED that this action is TRANSFERRED to the United States District Court for the Middle District of Alabama for further proceedings.

SO ORDERED, this 25th day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

3